IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR98 |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME ELLIS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to suppress evidence (Filing No. 16) and the report and recommendation of the magistrate judge (Filing No. 42) that defendant's motion be denied, and the objection of the defendant to said report and recommendation (Filing No. 43).

The Court has conducted a review of the transcript (Filing No. 33), the report and recommendation of the magistrate judge, the briefs and the applicable law and finds that defendant's motion to suppress should be granted.

## I. Background

The defendant, Jerome Ellis ("Ellis"), was sitting in the living room of a home at 4914 Ames Avenue in Omaha when officers Joseph Baudler and Eugene Watson ("Officer Watson") arrived at the home looking to speak with Connie Miller ("Miller") (Tr. 4:6-20). Miller answered the door and consented to the officers entering the residence to speak with her (Tr. 4:23-5:2). When the officers entered, Ellis and another man were

seated in the living room (Tr. 5:18-23). Officer Watson testified that he probably would have allowed either male to leave if they had asked (Tr. 13:16-17).

Ellis looked nervous to the officers (Tr. 5:25-6:3). Officer Watson then asked if anyone had any weapons (Tr. 6:11). While the other two parties replied they did not have weapons, Ellis did not respond (Tr. 6:12-15). Office Watson then told Ellis he was going to conduct a pat-down search of Ellis to make sure he did not have any weapons (Tr. 6:20-22). At this time, Ellis clearly expressed his intent to leave and not be subjected to the search (Tr. 6:24-25), and he began to walk towards the door (Tr. 15:9-16:5).

Rather than allowing Ellis to leave, Officer Watson blocked Ellis' path (Tr. 15:20-16:8). When Ellis attempted to go around Officer Watson, the Officer forcibly grabbed him, knocked him off balance and caused him to fall onto a sofa (Tr. 7:17-8:1). Following this, the defendant blurted out: "All I got is dope on me." (Tr. 8:3-4; 20:16-19). At this point the defendant was handcuffed, placed under arrest and taken to the police station where he was interviewed after being read his Miranda rights (Tr. 8:15-9:25).

## II. Applicable Law

The Fourth Amendment forbids searches and seizures which are unreasonable, *Terry v. Ohio*, 392 U.S. 1, 9 (1967), and "generally requires police to obtain a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). Nevertheless, a police officer is justified in making a limited, warrantless search in order to discover weapons for the protection of himself or others nearby if he has a reasonably articulable suspicion that the person may be armed and presently dangerous. *Terry,* 392 U.S. at 30. "The issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *United States v. Roggeman*, 279 F. 3d 573, 578 (8th Cir. 2002)(*citing Terry*, 392 U.S. at 27). The Court looks to the totality of the circumstances in determining if the facts and circumstances give rise to a reasonable suspicion that a person may be armed and presently dangerous. *Roggeman*, 279 F.3d at 578.

A person approached by a police officer, not under any suspicion of committing a crime, need not listen to the questions at all and may go on his or her way. *Royer v. Florida*, 460 U.S. 491, 497-98 (*quoting Terry*, 392 U.S. at 32-33)(Harlan, J. concurring).

## III. Analysis

Here, Officer Watson testified that he would probably have allowed Ellis to leave if Ellis had asked (Tr. 13:13-17). Officers Baudler and Watson were in the home at 4914 Ames Avenue to question Miller and had no prior knowledge that Ellis was in the home (Tr. 4:6-5:2; 13:3-6). Further, Officer Watson's only basis for wanting to conduct a search of Ellis was for the safety of the officers. Officer Watson does not attempt to justify the search in any other way.

It is uncontroverted that Officer Watson did not ask Ellis to consent to a patdown search. Instead, Officer Watson simply announced his intention that he *was* going to search Ellis. Rather than acquiescing to Officer Watson's demand, Ellis instead effectively just said "no," stood up, and began to walk to the door to leave, an action which, if allowed to occur, would have removed any threat to the officers' safety that a reasonable person would have felt Ellis represented.

Under the totality of the circumstances, the patdown search was not justified by any threats to the safety of the officers or of others nearby. Miller, not Ellis, was the only target of the officers' investigation. Ellis was under no compulsion to answer the questions of the officers and was fully within his rights to go on his way. *See Royer*, 460 U.S. at 498.

Therefore, the contraband that was discovered and the admission that was obtained from Ellis at the scene must be suppressed.

Having suppressed the contraband and the on-site admission, any further admissions at the police station are also suppressed as fruits of the Fourth Amendment violation. *See United States v. Wong Sun*, 371 U.S. 471, 487 (1963). Accordingly,

IT IS ORDERED:

1) Defendant's objection to the report and recommendation is granted and his motion to suppress is granted. The physical evidence seized in connection with the arrest of defendant on December 17, 2005, and any statements made in connection therewith are suppressed.

2) Trial of this matter is scheduled for:

**Monday, November 6, 2006, at 9 a.m.**

in Courtroom No. 5, Roman L. Hruska United States Courthouse, Omaha, Nebraska, or as soon thereafter as may be called by the Court. Trial is scheduled as soon as practicable on the Court's calendar. Therefore, the ends of justice will be served by continuing this case and outweigh the interests of the public and the defendant in a speedy trial. The additional time between September 26, 2006, and November 6, 2006, shall be deemed

excludable time in any computation of time under the requirement of the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A) & (B).

DATED this 26th day of September, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court